IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JEFFERY BROWN, PAUL STAPLETON, JEFFREY SCOTT RODEBAUGH, KEVIN LEE MCDANIEL, and DON WHITE <br><br> **Plaintiffs,** <br><br> v. <br><br> EQUITY OFFICE MANAGEMENT, LLC, GA-PACES, LLC, COMPUTER SCIENCES CORPORATION, and BT AMERICAS, INC., <br><br> **Defendants.** | 1:06-cv-2920-WSD |

## OPINION AND ORDER

This matter is before the Court on Defendant Computer Sciences Corporation's ("CSC") Motion to Dismiss Plaintiff's Complaint. (Mot. to Dismiss [12].)

I.   **BACKGROUND**

Plaintiffs bring this state tort law case to recover for injuries they allegedly suffered from exposure to mold, fungi and other toxic substances while working for Defendant CSC. On November 30, 2006, Plaintiffs filed this action against

Defendants, alleging state tort claims of negligence and failure to maintain a safe workplace under O.C.G.A. § 51-3-1.  On December 18, 2006, Defendants Equity Office Management LLC and GA-Paces LLC each filed their Answers.  (Equity Answer [8]; GA-Paces Answer [9].)  On January 19, 2007, Defendant CSC filed its Answer.  (CSC Answer [13].)  On the same day, CSC also filed a Motion to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.  On February 9, 2007, Defendant BT Americas Inc. filed its Answer and Cross-Claim.  (BT Americas Answer [16].)

**II.   DISCUSSION**

Relying on Federal Rule of Civil Procedure 12(b)(1), Defendant CSC argues that this Court does not have subject matter jurisdiction over Plaintiffs' two state law claims.  Despite Plaintiffs' allegation of diversity jurisdiction in their Complaint, CSC purports to make a "factual attack" on subject matter jurisdiction, regardless of the pleadings.  CSC argues that Georgia workers' compensation law completely preempts Plaintiffs' claims and that Plaintiffs may not recover in tort against Defendants.

"Subject-matter jurisdiction in federal court can be found under either 28 U.S.C. § 1331, federal question, or 28 U.S.C. § 1332, diversity jurisdiction."

Ware v. FleetBoston Fin. Corp., 180 Fed. Appx. 59, 63 (11th Cir. 2006).  "Pursuant to 28 U.S.C. § 1332, district courts have original subject matter jurisdiction over civil actions where the amount in controversy exceeds the sum or value of $75,000 and the action is between citizens of different states."  Peebles v. Merrill Lynch, Pierce, Fenner & Smith Inc., 431 F.3d 1320, 1325 (11th Cir. 2005) (citing 28 U.S.C. § 1332(a)(1)).

"Rule 12(b)(1) attacks on subject matter jurisdiction can come in two forms.  Facial attacks require the court to evaluate the complaint to see whether the plaintiff has sufficiently alleged a basis for subject matter jurisdiction; the allegations are taken as true for purposes of the motion.  Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings."  5th Bedford Pines Apts., Ltd. v. Brandon, 262 F. Supp. 2d 1369, 1374 (N.D. Ga. 2003) (quotations and citations omitted).

Here, Defendant challenges diversity jurisdiction in fact.  Plaintiffs' Complaint claims jurisdiction pursuant to 28 U.S.C. § 1332 and alleges that the parties are citizens of different states and the amount in controversy exceeds $75,000.  (Compl. [1], at ¶ 13.)  Defendants do not dispute Plaintiffs' claim, and they do not offer facts indicating there is no diversity jurisdiction under the statute.

Instead, Defendants argue that the Georgia workers' compensation statute preempts Plaintiffs' claims in this case. This argument involves interpretation of the Georgia workers' compensation statute and whether it applies to Plaintiffs–it is not a jurisdictional issue. Based on the Complaint, the Court finds that Plaintiffs have properly alleged diversity jurisdiction, and Defendants have not shown the requirements for diversity jurisdiction are not met. Thus, the Court has original jurisdiction over this case.

Accordingly,

**IT IS HEREBY ORDERED** that CSC's Motion to Dismiss Plaintiffs' Complaint [12] is **DENIED**.

**SO ORDERED** this 28th day of February, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE