IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JEFFERY BROWN, PAUL STAPLETON, JEFFREY SCOTT RODEBAUGH, KEVIN LEE MCDANIEL, and DON WHITE<br><br>     **Plaintiffs,**<br><br> v.<br><br>EQUITY OFFICE MANAGEMENT, LLC, GA-PACES, LLC, COMPUTER SCIENCES CORPORATION, and BT AMERICAS, INC.,<br><br>     **Defendants.** | 1:06-cv-2920-WSD |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs and Defendant Computer Sciences Corporation's ("CSC") Joint Motion to Voluntarily Dismiss CSC [73] and CSC's Motion to Dismiss Defendant BT Americas, Inc.'s Cross-Claim. (Mot. to Dismiss [89].)

I. **BACKGROUND**

Plaintiffs bring this state tort law case to recover for injuries they allegedly suffered from exposure to mold, fungi and other toxic substances while working

for Defendant CSC.  On November 30, 2006, Plaintiffs filed this action against Defendants, alleging state tort claims of negligence and failure to maintain a safe workplace under O.C.G.A. § 51-3-1.  On February 9, 2007, Defendant BT Americas Inc. filed its Answer and a Cross-Claim against co-defendants Equity Office Management, LLC and GA-Paces LLC.  (BT Americas Answer [16].)  On April 10, 2007, this Court approved the Joint Preliminary Report and Discovery Plan filed by the Parties.  In the Plan, the parties expressly agreed to file any motions, including motions to amend the pleadings, within 30 days of the filing of the Joint Preliminary Planning Report and Scheduling Order.  Discovery in this case ended on September 3, 2007.

On August 2, 2007, before discovery concluded, Plaintiffs and Defendant CSC filed a Joint Motion to Dismiss CSC without prejudice, which is unopposed. On August 6, 2007, BT Americas filed a Cross-Claim against CSC.

## II.    DISCUSSION

### A.    Motion to Dismiss Cross-Claim

Defendant CSC argues that BT-Americas' Cross-Claim should be dismissed for failure to obtain permission from the Court to amend its pleadings and because the Cross-Claim is untimely.  Ignoring these concerns, BT Americas simply

responds that it should be permitted to file its Cross-Claim because judicial resources "may" be conserved instead of requiring a separate action to be filed. (Opp. to Mot. to Dismiss [92], at 4.)

The Court agrees that BT Americas' Cross-Claim should be dismissed. Local Rule 7.1(A)(2) requires:

> Specific filing times for some motions are set forth below.  All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery unless the filing party has obtained prior permission fo the court to file later.

The Joint Preliminary Planning Report and Scheduling Order required the parties to file any motions within thirty days of the filing of the Plan.  Thus, any motions to amend the pleadings were required to be filed on or before May 10, 2007.  BT Americas' Cross-Claim, for which it did not seek permission to file, was almost three months late.

BT Americas is also required to seek the Court's permission to file a new Cross-Claim, and it failed to do so.  Federal Rule of Civil Procedure 15(a) provides:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive

> pleading is permitted and the action has not been placed
> upon the trial calendar, the party may so amend it at any
> time within 20 days after it is served. Otherwise a party
> may amend the party's pleading only by leave of court or
> by written consent of the adverse party; and leave shall
> be freely given when justice so requires.

A court may deny a motion for leave to amend where there is a substantial reason to do so, such as "undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party . . . [or] futility of the amendment." Id.; see also Amick v. BM & KM, Inc., 275 F. Supp. 2d 1378, 1381 (N.D. Ga. 2003).  BT Americas offers no explanation as to why it did not seek permission to file its Cross-Claim or why the Cross-Claim was filed well after the deadline for filing motions.  The Court necessarily concludes the delay is undue, and the Cross-Claim should be dismissed.

### B.  Joint Motion to Voluntarily Dismiss CSC

Plaintiffs and CSC also jointly move to voluntarily dismiss CSC from this case without prejudice under Federal Rule of Civil Procedure 41(a)(2).  No response has been filed to the motion, and it is unopposed.  The purpose of Rule 41(a)(2) is to preclude voluntary dismissals which inequitably affect the opposing

party, and to allow the implementation of curative conditions by the court. Farmaceutisk Laboratorium Ferring v. Reid Rowell, Inc., 142 F.R.D. 179, 181 (N.D. Ga. 1991) (citing McCants v. Ford Motor Co., Inc., 781 F.2d 855, 856 (11th Cir. 1986)).  The Court finds that no party will be prejudiced by CSC's dismissal, and the motion to dismiss CSC is granted.

Accordingly,

**IT IS HEREBY ORDERED** that CSC's Motion to Dismiss BT Americas' Cross-Claim [89] is **GRANTED**.  Plaintiffs and Defendant CSC's Joint Motion to Dismiss CSC [73] is **GRANTED**.

**SO ORDERED** this 7th day of September, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE