IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JEFFERY BROWN, PAUL STAPLETON, JEFFREY SCOTT RODEBAUGH, KEVIN LEE MCDANIEL, and DON WHITE<br><br>**Plaintiffs,**<br><br>v.<br><br>EQUITY OFFICE MANAGEMENT, LLC, GA-PACES, LLC, COMPUTER SCIENCES CORPORATION, and BT AMERICAS, INC.,<br><br>**Defendants.** | 1:06-cv-2920-WSD |

**OPINION AND ORDER**

This matter is before the Court on Defendant Computer Sciences Corporation's ("CSC") Motion to Extend Discovery [87] and Defendant BT Americas, Inc.'s ("BT Americas") Motion to Exclude Plaintiff's Use of Expert Testimony, or, in the Alternative, to Extend the Discovery Period [84].[1]

---

[1] Plaintiff Jeffrey Scott Rodebaugh also filed a Motion to Dismiss his claims against Defendants without prejudice. (Mot. to Dismiss [78].) No response has been filed to the motion, and pursuant to Local Rule 7.1B, the motion is deemed unopposed. L.R. 7.1B, N.D. Ga. Thus, the motion is granted, and Plaintiff Rodebaugh is dismissed from this case.

## I. BACKGROUND

Plaintiffs bring this state tort law case to recover for injuries they allegedly suffered from exposure to mold, fungi and other toxic substances while working for Defendant CSC.  On November 30, 2006, Plaintiffs filed this action against Defendants, alleging state tort claims of negligence and failure to maintain a safe workplace under O.C.G.A. § 51-3-1.  Discovery in this case ended on September 3, 2007.  On August 2, 2007, Plaintiffs and Defendant CSC filed a Joint Motion to Dismiss CSC without prejudice, which the Court granted on September 7, 2007.  Also on September 7, 2007, the Court dismissed BT Americas' cross-claim against CSC as untimely.

In its Motion to Extend Discovery, CSC asked the Court to extend discovery if BT Americas' untimely cross-claim was permitted.  The Court dismissed BT Americas' cross-claim and dismissed CSC from this case, thus the Motion is denied as moot.

In BT Americas' Motion to Exclude Expert Testimony, BT Americas complains that discovery ends on September 3, 2007, and Plaintiffs have not yet identified an individual who will provide expert testimony on their claims.  It asks the Court to either prohibit Plaintiffs from using expert testimony in support of

their claims, or in the alternative, for the parties to be given additional time for discovery.  It does not appear that Plaintiffs have identified an expert witness since this motion was filed.  The Court finds it is unnecessary to extend discovery or make further rulings regarding Plaintiff's potential expert, and the Motion is denied as moot.

      Accordingly,

**IT IS HEREBY ORDERED** that Defendant BT Americas' Motion to Exclude Expert Testimony [84] is **DENIED** as **MOOT**.  Defendant CSC's Motion to Extend Discovery [87] is **DENIED** as **MOOT**.  Plaintiff Rodebaugh's Motion to Dismiss [78] is **GRANTED**.

      **SO ORDERED** this 25th day of September, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE